UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANA PRESTON KELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 20-cv-07821-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 31 |

## INTRODUCTION

In this Social Security appeal, the court previously granted the plaintiff's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings.[1] On remand, the plaintiff received a past-due benefits award.[2] His counsel now seeks fees of $13,500, which is within the twenty-five-percent limit in 42 U.S.C. § 406(b) and the representation agreement with his client.[3] The court can decide this matter without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion.

---

[1] Order – ECF No. 27. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Award – ECF No. 31-3 at 1–6.

[3] Mot. – ECF No. 31.

ORDER – No. 20-cv-07821-LB

**STATEMENT**

The Commissioner withheld twenty-five percent of the retroactive benefits, or $17,437.53.[4] The plaintiff has a fee agreement with his lawyer that provides for a twenty-five-percent contingency fee of the award as of the final decision.[5] The plaintiff's attorney has already received $3,222 in attorney's fees under the Equal Access to Justice Act (EAJA).[6] He agreed that he will reimburse the plaintiff the EAJA fees.[7]

The Commissioner filed a response to the plaintiff's motion stating that he "does not assent or object to" the fee request.[8]

**ANALYSIS**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than twenty-five percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the twenty-five-percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under § 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate

---

[4] Notice of Award – ECF No. 31-3 at 3.
[5] Soc. Sec. Representation Agreement – ECF No. 31-1.
[6] Order – ECF No. 30.
[7] Mot. – ECF No. 31 at 6.
[8] Resp. – ECF No. 32 at 2.

the reasonableness of a fee request under § 406(b), the court considers the character of the representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than twenty-five percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808). If an attorney "is responsible for delay . . . a reduction [of fees] is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

The court must offset an award of § 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The twenty-five-percent contingency-fee agreement is within § 406(b)(1)(A)'s ceiling, and the amount is reasonable.

## CONCLUSION

The court holds that a fee award of $13,500 is reasonable under § 406(b). The plaintiff's counsel must refund the plaintiff the EAJA fees, which results in a net (remaining) fee award of $10,278.

**IT IS SO ORDERED.**

Dated: August 31, 2022

LAUREL BEELER
United States Magistrate Judge